IN THE COURT OF COMMON PLEAS
RICHLAND COUNTY, OHIO

RICHLAND COUNTY
CLERK OF COURTS
FILED

2021 MAR 23  A 11: 17

LINDA H. FRARY
CLERK OF COURTS

| | |
|---|---|
| HOLLY A. HERBERT, Administratrix of the Estate of Rozalee Joy Shatzer, Deceased<br>26907 West Road<br>Wellington, OH 44090<br><br>Plaintiffs,<br><br>v.<br><br>OHIOHEALTH CORPORATION<br>c/o Terri W. Meldrum, Esq.<br>3430 OhioHealth Pkwy.<br>Columbus, OH 43202<br><br>and<br><br>OHIOHEALTH MEDCENTRAL<br>MANSFIELD HOSPITAL<br>c/o OhioHealth Corporation<br>180 East Broad Street<br>34th Floor<br>Columbus, OH 43215<br><br>and<br><br>OHIOHEALTH MEDCENTRAL<br>MANSFIELD HOSPITAL<br>c/o Terri W. Meldrum, Esq<br>3430 OhioHealth Pkwy.<br>Columbus, OH 43202<br><br>and<br><br>JAMES M. ALFORD, M.D.<br>CORNERSTONE OB/GYN<br>770 Balgreen Drive | Suite 207<br>Mansfield, OH 44906<br><br>and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.:<br>21CV130<br>JUDGE<br>ROBINSON<br><br>**COMPLAINT WITH MOTION FOR EXTENSION OF TIME TO FILE AN AFFIDAVIT OF MERIT ATTACHED HERETO**<br><br>*Jury Demand Endorsed Hereon* |

I, Linda H. Frary, Clerk of Courts
Richland County, Ohio, hereby certify that
the foregoing is a true and correct copy of the
COMPLAINT

filed with me___3·22·21___
B. DALTON
Deputy Clerk of Courts

**GOVERNMENT EXHIBIT**

**A**

OHIOHEALTH PHYSICIAN GROUP, INC. )
c/o Terri W. Meldrum, Esq.                      )
3430 OhioHealth Pkwy.                            )
Columbus, OH 43202                              )
                                                               )
and                                                          )
                                                               )
CORNERSTONE OBGYN                        )
c/o James M. Alford, M.D.                       )
770 Balgreen Drive | Suite 207              )
Mansfield, OH 44906                             )

Defendants.

Now comes Plaintiff, Holly A. Herbert, Administratrix of the Estate of Rozalee Joy Shatzer, Deceased, by and through undersigned counsel and for Plaintiff's Complaint against the above-captioned Defendants states and avers the following:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Holly A. Herbert, is the surviving grandmother and the Administratrix of the Estate of Rozalee Joy Shatzer and brings this action on behalf of herself and all next-of-kin of Rozalee Joy Shatzer.

2.      At all times relevant, Defendant, OhioHealth Corporation, was an Ohio hospital corporation organized under the laws of the State of Ohio that owned and operated Co-Defendant OhioHealth MedCentral Mansfield Hospital.  OhioHealth Corporation held itself out to the public as a provider of quality medical care through its respective agents, operatives and/or employees including but not limited to James M. Alford, M.D. and Cornerstone ObGyn. Furthermore, OhioHealth Corporation was engaged in the business of providing healthcare services for a fee in Richland County, Ohio.

3.      At all times relevant, Defendant, OhioHealth MedCentral Mansfield Hospital, was an Ohio hospital corporation organized under the laws of the State of

2

Ohio. OhioHealth MedCentral Mansfield Hospital held itself out to the public as a provider of quality medical care through its respective agents, operatives and/or employees including but not limited to James M. Alford, M.D.

4. At all times relevant, Defendant, James M. Alford, M.D., was a physician licensed by the State of Ohio specializing in obstetrics and gynecology. On information and belief, at all times relevant, Dr. Alford was acting within the course and scope of his employment and/or agency as a physician with Defendants, OhioHealth Corporation, OhioHealth MedCentral Mansfield Hospital, OhioHealth Physician Group, Inc. and Cornerstone ObGyn.

5. At all times relevant, Defendant, OhioHealth Physician Group, Inc., was an Ohio corporation organized under the laws of the State of Ohio, which held itself out to the public as providing quality medical care through its respective agents, operatives and/or employees including but not limited to James M. Alford, M.D. Furthermore, OhioHealth Physician Group, Inc. is also known by the registered trade name of OhioHealth Physician Group. On information and belief, OhioHealth Physician Group, Inc. was in the business of employing physicians and supplying those physicians to healthcare facilities including OhioHealth Healthy Corporation and OhioHealth MedCentral Mansfield Hospital.

6. All times relevant, Defendant, Cornerstone ObGyn, was a fictitious entity, an affiliate of Third Street Community Clinic, Inc., an FTCA deemed facility. Cornerstone ObGyn was operating under the auspices of OhioHealth Corporation and OhioHealth MedCentral Mansfield Hospital. Cornerstone ObGyn held itself out to the public as a provider of quality medical care through its respective agents, operatives and/or employees including but not limited to James M. Alford, M.D.

3

Furthermore, Cornerstone ObGyn held itself out to the public through OhioHealth Corporation and OhioHealth MedCentral Mansfield and through its agent, operative and employee, James M. Alford, M.D., as providing quality medical care to women in Richland County.

7.    The Court has jurisdiction over the Defendants.

8.    Venue is appropriate in Richland County, Ohio pursuant to Ohio Civil Rule 3 because, among other reasons: (1) OhioHealth MedCentral Mansfield is a corporation with its principal place of business in Richland County, Ohio; (2) some or all of the Defendants conducted activity in Richland County, Ohio that gave rise to Plaintiff's claims for relief; and (3) all or a part of Plaintiff's claims for relief arose in Richland County, Ohio.

## FIRST CAUSE OF ACTION

9.    Plaintiff incorporates Paragraphs 1-8 of the Complaint with the same force and effect as if fully rewritten herein.

10.    On April 3, 2019 at 2058 hours, Bethany Herbert, a pregnant woman of 36 weeks gestation, presented to the emergency room of OhioHealth MedCentral Mansfield with left back pain that radiated from her pelvis to her ribs.

11.    On April 3, 2019 at approximately 2254 hours, Ms. Herbert's pain was worsening and extending to her right side. The Defendant, Dr. Alford, ordered a non-OB exam ultrasound to evaluate the ovaries, ureters and appendix. A CBS with differential and BMP was also ordered. Bethany Herbert was discharged home.

12.    On or about April 5, 2019, Bethany Herbert presented to the emergency room of OhioHealth MedCentral Mansfield with worsening abdominal

4

pain. An emergent ultrasound was done, which confirmed that Bethany Herbert had experienced complete placental abruption with fetal demise.

13.    As a direct and proximate result of the above-described breaches of the standards of care, Plaintiff's decedent, Rozlaee Joy Shatzer, was caused to suffer her death on April 5, 2019.

14.    As a direct and proximate result of the above-described breaches of the standards of care, Plaintiff's decedent's next of kin, including, but not limited to, her grandmother, mother and father, suffered damages as set forth in R.C. 2125.02, Ohio's wrongful death statute.

**WHEREFORE**, Plaintiff, Holly A. Herbert, demands judgment against all Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs, pre-judgment and post-judgment interest, and all other relief this Court finds just and equitable to compensate Plaintiff for the injuries and damages incurred.

### SECOND CAUSE OF ACTION

15.    Plaintiffs incorporate Paragraphs 1-14 of the Complaint with the same force and effect as if fully rewritten herein.

16.    As a direct and proximate result of the above-described breaches of the standards of care, Plaintiff's decedent, Rozalee Joy Shatzer, suffered severe, conscious pain and suffering and incurred medical expenses prior to her death.

**WHEREFORE**, Plaintiff, Holly A. Herbert, demands judgment against all Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs, pre-judgment and post-judgment interest, and all

other relief this Court finds just and equitable to compensate Plaintiff for the injuries and damages incurred.

### THIRD CAUSE OF ACTION

17.    Plaintiffs incorporate Paragraphs 1-16 of the Complaint with the same force and effect as if fully rewritten herein.

18.    As a direct and proximate result of the above-described breaches of the standards of care, Plaintiff's decedent's next of kin, including, but not limited to, her grandmother, mother and father, suffered a loss of Rozalee's consortium and companionship, experienced severe emotional distress and were otherwise damaged.

**WHEREFORE**, Plaintiff, Holly A. Herbert, demands judgment against all Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs, pre-judgment and post-judgment interest, and all other relief this Court finds just and equitable to compensate Plaintiff for the injuries and damages incurred.

### JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, a trial by jury is demanded on all the issues presented herein.

DENNIS R. LANSDOWNE (0026036)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East | Suite 1700
Cleveland, OH  44114
(216) 696-3232 | Phone
(216) 696-3924 | Facsimile
*dlansdowne@spanglaw.com*
***Counsel for Plaintiffs***

6